McElroy, Deutsch, Mulvaney
& Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Plaintiff,
Hartford Life Insurance Company

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARTFORD LIFE INSURANCE COMPANY, | Civil Action No.: |
| Plaintiff, | |
| vs. | |
| RONALD ROSENFELD and THE NORTH SHORE LIFE AND HEALTH AGENCY, INC., | |
| Defendants. | |

COMPLAINT ON BEHALF OF
HARTFORD LIFE INSURANCE COMPANY

Hartford Life Insurance Company ("Hartford Life") by way of Complaint against the defendants, Ronald Rosenfeld ("Rosenfeld") and The North Shore Life and Health Agency, Inc. (the "Agency"), alleges and says:

## INTRODUCTION

1. At all relevant times, Hartford Life was an insurance company organized and existing under the laws of the State of Connecticut with its principal place of business at Hartford, Connecticut. Hartford Life provided a disability insurance policy to Stephen L.

Brenner, M.D., as more fully described below. Hartford Life is in the business of underwriting disability income insurance and is authorized to transact business in the State of New Jersey. Ronald Rosenfeld, an employee of North Shore Life and Health Agency, Inc. was the agent on the Hartford Life policy provided to Stephen L. Brenner, M.D.

2. Stephen L. Brenner, M.D. has filed an action against Hartford Life in the Supreme Court of the State of New York, County of New York seeking a declaration that Hartford Life owes Stephen L. Brenner, M.D. certain payments under the disability insurance policy provided by Hartford Life to Stephen L. Brenner, M.D.

3. Hartford Life brings this action against Rosenfeld and/or the Agency for all or part of what Dr. Brenner may recover from Hartford Life based on their collective acts of intentional fraud, fraud, violation of the New Jersey Insurance Fraud Prevention Act N.J.S.A. 17:33A-3 et seq. and negligence in the sale of the disability income insurance policy bearing policy number P40044232.

4. Hartford Life is entitled to recover from Rosenfeld and/or the Agency all or part of what Dr. Brenner may recover from Hartford Life based on their collective acts of intentional fraud, fraud, violation of the New Jersey Insurance Fraud Prevention Act N.J.S.A. 17:33A-3 et seq. and negligence in the sale of the disability income insurance policy bearing policy number P4004423.

5. Hartford Life is, and during all times relevant has been, in the business of underwriting policies of disability income insurance and is authorized to transact the business of insurance in the State of New Jersey.

## PARTIES

6.      The Agency is, and during all times relevant has been, an insurance broker organized and existing under the laws of the State of New York, with offices located at 136 Glenwood Rd., Glenwood Landing, New York 11547 and 834 Willis Avenue, Albertson, New York 11507.

7.      Rosenfeld, upon information and belief, is, and during all times relevant has been, an officer, agent, director, manager and/or employee of the Agency, at the aforementioned addresses and is a resident of the State of New York.

## JURISDICTION AND VENUE

8.      This Court possesses subject matter jurisdiction under 28 U.S.C. § 2201 which plaintiff invokes seeking a determination of an actual controversy among the parties to this action as set forth more fully below.

9.      This Court possesses jurisdiction in this case based on the diversity of the parties, pursuant to 28 U.S.C. § 1332 (a).  Plaintiff is a corporation organized under the laws of Connecticut which has its principal place of business in Hartford, Connecticut.  Defendant, Rosenfeld, upon information and belief is a New York resident and the defendant, the Agency, upon information and belief is organized under the laws of the State of New York, with its principal place of business in Albertson, New York.

10.     While the claims of plaintiff are not founded in federal law, this is an action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs of suit.

11.     Venue in the United States District Court for the District of New Jersey is proper because the acts giving rise to the controversy took place in New Jersey.

## FIRST COUNT

12. On or about December 2, 1992, Rosenfeld, individually and on behalf of the Agency, indicated to Dr. Brenner, then a resident of New Jersey, that the Agency could provide access to certain policies of insurance, and solicited Dr. Brenner's application seeking issuance of a disability income insurance policy from Hartford Life.

13. On the aforesaid date, Dr. Brenner executed an application seeking issuance of a disability income insurance policy from Hartford Life, which was also executed by Rosenfeld, who is identified therein as the "Licensed Resident Agent."

14. In executing the insurance application seeking the issuance of the policy of disability income insurance, the following answer to Question 5 was provided, to wit:

### SECTION 3 - POLICY/COVERAGE INFORMATION
\* \* \*

> 5. Do you have any disability income coverage now in force or for which an application is pending under (A) individual, (B) overhead, (C) buy-sell, (D) mortgage, (E) franchise, (F) association, (G) group, (H) employer sick pay, or (I) government plans? If "Yes," list all coverage in question 6 and indicate if any coverage is to be replaced.

15. Having answered "yes" to Question 5, the application disclosed in Question 6, that Dr. Brenner had the following coverage in force at the time he executed the insurance application seeking the issuance of the policy of disability income insurance:

> a. An individual disability income policy issued by "Monarch" [Monarch Life Insurance Company] in July 1989, with a life-time monthly benefit of $2,000.00.
> b. An individual disability income policy issued by "Unum" [Unum Life Insurance Company] in September 1989, with a life-time monthly benefit of $2,500.00.
> c. A buy-sell disability income policy issued by "PR" [Paul Revere Life Insurance Company] in August 1986, with a monthly benefit of $9,500.00 for 60 months.

      d.      An overhead disability income policy issued by "PR" [Paul Revere Life Insurance Company] in August 1986, with a monthly benefit of $20,000 for six months.

      e.      A buy-sell disability income policy issued by "PR" [Paul Revere Life Insurance Company] in August 1986, with a lump sum benefit of $200,000.

16. Through and by virtue of the execution of the insurance application seeking the issuance of the policy of disability income insurance, Rosenfeld represented, acknowledged and agreed:

> I certify that I have truly and accurately recorded on this application the information supplied by the Applicant.

17. On the basis of the statements and representations contained in the written insurance application, and in reliance upon Dr. Brenner and Rosenfeld's complete candor, honesty and openness in disclosing information in response to questions set forth in the application, Hartford Life approved the issuance of a policy of disability income insurance to Dr. Brenner bearing policy number P4004423.

18. On March 10, 2000, Dr. Brenner executed a disability claim form seeking benefits due to a total disability from his occupation as an orthopedic surgeon, allegedly commencing on December 29, 1999.

19. Following receipt of Dr. Brenner's disability claim form and during an investigation thereof, Hartford Life discovered, for the first time, that the representations and statements made by Dr. Brenner in response to the questions set forth in the insurance application were materially false; that Dr. Brenner knowingly and intentionally failed and omitted to disclose material facts; and otherwise knowingly and intentionally failed to accurately, honestly and/or truthfully answer and disclose material information in response to the questions present on the insurance applications which, if disclosed, would have caused the non-

issuance of the policy of disability income insurance by Hartford Life.

20.  Specifically, and by way of illustration only, Dr. Brenner knowingly and intentionally made material misstatements of fact; failed, refused and/or omitted to disclose material facts; and otherwise failed to correctly and truthfully answer the questions set forth in the insurance application in that, in addition to the disability income policies Dr. Brenner disclosed to Hartford Life in his application, upon information and belief Dr. Brenner had the following disability coverage in force on December 2, 1992:

| **Company** | **Application Date** | **Monthly Benefit** |
| --- | --- | --- |
| Sentry Life (AMA) | April 17, 1985 | $6,000 |
| John Hancock | June 20, 1985 | $3,000 |
| Paul Revere | May 20, 1986 | $13,500 |
| MONY | April 11, 1988 | $10,000 |
| Provident | October 23, 1989 | $5,000 |
| Unum Group | September 1, 1990 | $19,500 |
| Unum | November 18, 1991 | $3,000 |

21.  Hartford's investigation further revealed that Rosenfeld and/or the Agency acted as Dr. Brenner's agent in procuring the undisclosed disability income policies issued by Paul Revere, Provident, Unum and Unum Group. Thus, Rosenfeld certified Dr. Brenner's application seeking the disability income insurance policy despite the fact that Dr. Brenner had failed to disclose all of the policies brokered by the Agency therein.

22.  In certifying Dr. Brenner's application, Rosenfeld, acting as an authorized agent, servant, employee and/or manager of the Agency, intended to defraud Hartford Life by submitting an application that he knew contained material misstatements of fact, which would be relied upon by Hartford Life.

23.  Hartford Life relied upon the fraudulent representations of Rosenfeld, acting as authorized agent, servant and/or employee of the Agency, and was thereby induced into issuing

the disability income insurance policy bearing policy number P4004423.

24. The reliance by Hartford Life on Rosenfeld's fraudulent representations was justified under all of the circumstances.

25. As a direct and proximate result of the aforesaid reliance, Hartford Life has suffered damages in that it was caused to make benefit payments to Dr. Brenner under policy number P4004423, and may be required to make future benefits payments to Dr. Brenner thereunder.

**WHEREFORE**, Hartford Life demands judgment against defendants Ronald Rosenfeld and The North Shore Life and Health Agency, Inc., jointly, severally, or in the alternative for all sums that may be adjudged against defendant Hartford Life in favor of Stephen L. Brenner, M.D. together with lawful interest, consequential damages, punitive damages, costs and reasonable attorneys' fees.

## SECOND COUNT

26. Hartford Life repeats and realleges the allegations contained in paragraphs 1 through 22 inclusive, as if the same were fully set forth at length herein.

27. Rosenfeld, acting as an authorized agent, servant, employee and/or manager of the Agency, fraudulently certified Dr. Brenner's application despite the fact that he knew that the application contained material misstatements of fact.

28. Hartford Life relied upon the fraudulent representations of Rosenfeld, acting as authorized agent, servant and/or employee of the Agency, and was thereby induced into issuing the disability income insurance policy bearing policy number P4004423.

29. The reliance by Hartford Life on Rosenfeld's fraudulent representations was justified under all of the circumstances.

30. As a direct and proximate result of the aforesaid reliance, Hartford Life has suffered damages in that it was caused to make benefit payments to Dr. Brenner under policy number P4004423, and may be required to make future benefits payments to Dr. Brenner thereunder.

**WHEREFORE**, Hartford Life demands judgment against defendants Ronald Rosenfeld and The North Shore Life and Health Agency, Inc., jointly, severally, or in the alternative for all sums that may be adjudged against defendant Hartford Life in favor of Stephen L. Brenner, M.D. together with lawful interest, consequential damages, punitive damages, costs and reasonable attorneys' fees.

### THIRD COUNT

31. Hartford Life repeats and realleges the allegations contained in paragraphs 1 through 27 inclusive, as if the same were fully set forth at length herein.

32. Rosenfeld, acting as an authorized agent, servant, employee and/or manager of the Agency, negligently, carelessly and recklessly certified Dr. Brenner's application, which he should have known contained material misstatements of fact.

33. As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of Rosenfeld, acting as authorized agent, servant and/or employee of the Agency, Hartford Life was induced into issuing the disability income insurance policy bearing policy number P4004423 and was damaged as aforesaid.

**WHEREFORE**, Hartford Life demands judgment against defendants Ronald Rosenfeld and The North Shore Life and Health Agency, Inc., jointly, severally, or in the alternative for all sums that may be adjudged against defendant Hartford Life in favor of Stephen L. Brenner, M.D.

together with lawful interest, consequential damages, punitive damages, costs and reasonable attorneys' fees.

### FOURTH COUNT

34. Hartford Life repeats and realleges the allegations contained in paragraphs 1 through 30 inclusive, as if the same were fully set forth at length herein.

35. Rosenfeld, acting as an authorized agent, servant, employee and/or manager of the Agency, certified Dr. Brenner's application despite the fact that the application contained material misstatements of fact.

36. Rosenfeld's representations were false, were known to be false when made and were duly relied upon by Hartford Life to its detriment, as aforesaid.

37. As a direct and proximate result of the aforesaid reliance, Hartford Life has suffered damages in that it was caused to make benefit payments to Dr. Brenner under policy number P4004423, and may be required to make future benefits payments to Dr. Brenner thereunder.

**WHEREFORE**, Hartford Life demands judgment against defendants Ronald Rosenfeld and The North Shore Life and Health Agency, Inc., jointly, severally, or in the alternative for all sums that may be adjudged against defendant Hartford Life in favor of Stephen L. Brenner, M.D. together with lawful interest, consequential damages, punitive damages, costs and reasonable attorneys' fees.

### FIFTH COUNT

38. Hartford Life repeats and realleges the allegations contained in paragraphs 1 through 34 inclusive, as if the same were fully set forth at length herein.

39. At all times relevant to the present action, upon information and belief, the Agency was and is now a duly licensed insurance agency under the laws of the State of New York.

40. At all times relevant to the present action, the Agency was engaged in the practice of selling insurance in the State of New Jersey.

41. At all times relevant to the present action, the Agency professed and held out to the public in general and to Hartford Life in particular, as being skilled, careful and diligent in the practice of procuring insurance.

42. Rosenfeld, acting as an authorized agent, servant, employee and/or manager of the Agency, certified Dr. Brenner's application, which he should have known contained material misstatements of fact.

43. As a direct and proximate result of the aforesaid failure to exercise reasonable care and diligence, as well as the defendants' failure to exercise that degree of care commonly exercised by licensed insurance agents in like cases, Hartford Life was induced into issuing the disability income insurance policy bearing policy number P4004423 and was damaged as aforesaid.

**WHEREFORE**, Hartford Life demands judgment against defendants Ronald Rosenfeld and The North Shore Life and Health Agency, Inc., jointly, severally, or in the alternative for all sums that may be adjudged against defendant Hartford Life in favor of plaintiff Stephen L. Brenner, M.D. together with lawful interest, consequential damages, punitive damages, cost and reasonable attorneys' fees.

## SIXTH COUNT

44. Hartford Life repeats and realleges the allegations contained in paragraphs 1 through 40 inclusive, as if the same were fully set forth at length herein.

45. Rosenfeld, acting as an authorized agent, servant, employee and/or manager of the Agency, concealed and/or knowingly failed to disclose evidence which would have been relevant to Hartford Life's determination of Dr. Brenner's insurability under the disability income insurance policy bearing policy number P4004423, in violation of New Jersey Insurance Fraud Prevention Act and in particular, N.J.S.A. 17:33A-4.

46. Rosenfeld, acting as an authorized agent, servant, employee and/or manager of the Agency, knowingly assisted, conspired with and/or urged Dr. Brenner to intentionally misrepresent, conceal and/or fail to disclose the occurrence of events as well as facts and information elicited in the application which materially affected his initial and continued right or entitlement to receive benefits under the policy of disability income insurance, in violation of the New Jersey Insurance Fraud Prevention Act and in particular, N.J.S.A. 17:33A-4.

47. Rosenfeld, acting as an authorized agent, servant, employee and/or manager of the Agency, knowingly benefited, both directly and indirectly, from Dr. Brenner's intentional misrepresentations, concealment and/or failure to disclose the occurrence of events as well as facts and information elicited in the application which materially affected his initial and continued right or entitlement to receive benefits under the policy of disability income insurance, in violation of the New Jersey Insurance Fraud Prevention Act and in particular, N.J.S.A. 17:33A-4.

**WHEREFORE,** Hartford Life demands judgment against defendants Ronald Rosenfeld and The North Shore Life and Health Agency, Inc., jointly, severally, or in the alternative for all

damages, more particularly described as follows:

(A) An order awarding restitution of all benefits paid under the disability income insurance policy bearing policy number P4004423; and

(B) An order awarding treble damages, reasonable costs of investigation and reasonable attorney fees; and

(C) An order awarding pre-judgment interest, post-judgment interest, consequential damages, punitive damages, costs of suit and such other relief as this Court deems equitable and just.

Dated: November 22, 2005

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Plaintiff
Hartford Life Insurance Company

By: _____
Steven P. DelMauro
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100

## CERTIFICATION PURSUANT TO *L. CIV. R.* 11.2

I hereby certify that there is a related matter entitled Stephen L. Brenner, M.D. v. Hartford Life Insurance Company bearing Index No.: 04-601630 pending in New York Supreme Court; no other action or arbitration proceeding is contemplated; and I know of no other parties who should be joined in this action at this time.

                                            McELROY, DEUTSCH, MULVANEY
                                            & CARPENTER, LLP
                                            Attorneys for Plaintiff
                                            Hartford Life Insurance Company

                                        By: _____
                                            Steven P. DelMauro

Dated: November 22, 2005            1300 Mount Kemble Avenue
                                            P.O. Box 2075
                                            Morristown, New Jersey 07962-2075
                                            (973) 993-8100

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

                                              McELROY, DEUTSCH, MULVANEY
                                              & CARPENTER, LLP
                                              Attorneys for Plaintiff
                                              Hartford Life Insurance Company

                                 By: _____
                                              Steven P. DelMauro

Dated: November 22, 2005                  1300 Mount Kemble Avenue
                                              P.O. Box 2075
                                              Morristown, New Jersey 07962-2075
                                              (973) 993-8100